Michael J. Niborski (State Bar No. 192111)
*mniborski@pryorcashman.com*
Thomas H. Vidal (State Bar No. 204432)
*tvidal@pryorcashman.com*
Benjamin S. Akley (State Bar No. 278506)
*bakley@pryorcashman.com*
**PRYOR CASHMAN LLP**
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 556-9608
Facsimile: (310) 556-9670

Dyan Finguerra-DuCharme (Pro Hac Vice Application Forthcoming)
*dfinguerra-ducharme@pryorcashman.com*
Ryan S. Klarberg (Pro Hac Vice Application Forthcoming)
*rklarberg@pryorcashman.com*
**PRYOR CASHMAN LLP**
7 Times Square
New York, New York 10036
Telephone: (212) 421-4100
Facsimile: (212) 798-6307

*Attorneys for Plaintiff*
sbe LICENSING, LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| sbe LICENSING, LLC, | Case No. |
| Plaintiff, | **COMPLAINT** |
| vs. | **JURY TRIAL DEMANDED** |
| HCKUSA, INC. d/b/a HYDE & VYNE, LEWIS EVERK, and DOES 1-10, | |
| Defendants. | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Pryor Cashman LLP**
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 556-9608
Facsimile: (310) 556-9670

Plaintiff sbe Licensing, LLC ("Plaintiff" or "sbe"), by its attorneys Pryor Cashman LLP, as and for its Complaint against defendants HCKUSA, INC. d/b/a HYDE & VYNE, LEWIS EVERK, and DOES 1-10 (collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.     Plaintiff is a renowned operator of premier hotels, restaurants, and nightclubs.  Among its well-known properties, Plaintiff owns and operates the world-famous HYDE nightclubs and restaurants, including in Los Angeles, Miami, and Las Vegas.

2.     Plaintiff owns several federal trademark registrations for HYDE-formative marks including U.S. Reg. No. 4,304,156 for the HYDE mark for use in connection with Class 41 night clubs and Class 43 restaurant and bar services, and U.S. Reg. No. 4,896,506 for the HYDE mark for use in connection with Class 43 bar services, cocktail lounge services, and restaurant services.  Plaintiff's registrations are for the HYDE mark in standard character form, which provides Plaintiff with the liberty to display its house mark in any style or font.

3.     Upon information and belief, in September 2016, more than a decade after Plaintiff opened its first HYDE restaurant and night club, Defendants opened a restaurant and night club called HYDE & VYNE, which brazenly usurps Plaintiff's HYDE house mark as the dominant component of Defendants' name.

**Pryor Cashman LLP**
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 556-9608
Facsimile: (310) 556-9670

4. Defendants' use of the HYDE & VYNE mark in connection with identical restaurant and night club services is likely to cause consumers to mistakenly believe that Defendants' restaurant and night club is one of the few HYDE restaurants and night clubs operated by Plaintiff in the United States, or, at the very least, that the HYDE & VYNE restaurant and night club is affiliated with or somehow associated with Plaintiff.

5. The likelihood of consumer confusion is heightened because Defendants display the HYDE & VYNE mark in a font stylization that is nearly identical to Plaintiff's font stylization for its HYDE mark, including using the same exact typeface, as shown below:

          

*Plaintiff's Use of the HYDE Mark*          *Defendants' Use of the HYDE & VYNE Mark*

6. The likelihood of consumer confusion is further heightened because Plaintiff and Defendants target the same customers at their respective venues. For example, Defendants hired Brody Jenner, the same celebrity that *previously* performed a music DJ set at Plaintiff's HYDE club in April 2017, to perform a music DJ set at Defendant's HYDE & VYNE club in May 2017, as shown in the below flyers:




*Plaintiff's Flyer for*                 *Defendants' Flyer for*
*Brody Jenner's April 1, 2017 DJ Set*     *Brody Jenner's May 25, 2017 DJ Set*

7.     Notably, both Plaintiff's flyer and Defendants' flyer promoting the DJ set by Brody Jenner include (i) the <u>same image</u> of Brody Jenner; (ii) the <u>same stylization</u> for the BRODY JENNER name; and (iii) include the parties' respective HYDE marks.

8.     In fact, Brody Jenner made his DJ debut at Plaintiff's HYDE night club:



*A true and correct photograph of Brody Jenner on the Red Carpet*
*for his Debut DJ Set at Plaintiff's HYDE Venue in Las Vegas*

Pryor Cashman LLP
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 556-9608
Facsimile: (310) 556-9670

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pryor Cashman LLP
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 556-9608
Facsimile: (310) 556-9670

9.     Upon information and belief, Defendants hired Brody Jenner to perform a DJ set at their HYDE & VYNE venue with full knowledge that Brody Jenner previously performed at Plaintiff's HYDE venue and with the intent to draw a false connection between Plaintiff's and Defendants' respective HYDE venues.

10.     Defendants' HYDE & VYNE restaurant and night club is likely to cause consumers to mistakenly believe that the restaurant and night club is authorized, sponsored, endorsed or otherwise affiliated with Plaintiff.  Defendants' use of the HYDE & VYNE mark is also likely to cause dilution by blurring of Plaintiff's famous, distinctive and federally-registered HYDE mark.

11.     Plaintiff brings this action to obtain injunctive relief for trademark infringement and dilution, among other claims, as a result of Defendants' unauthorized use of Plaintiff's HYDE trademark in connection with identical restaurant and night club services.

## JURISDICTION AND VENUE

12.     This case is a civil action arising under the Lanham Act, 15 U.S.C. §§ 1051, *et seq*.  This Court has subject matter jurisdiction over the claims in this Complaint that relate to trademark infringement, unfair competition and trademark dilution pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338(a).

13.     This Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law of the State of California pursuant to

Pryor Cashman LLP
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 556-9608
Facsimile: (310) 556-9670

28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

14.     Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because Defendants may be found in the Eastern District of California and a substantial part of the events giving rise to the claims herein occurred in this Judicial District.

15.     This Court has personal jurisdiction over Defendants because Defendants transact business and have other related activities within the Eastern District of California; Defendants regularly do and solicit business and derive substantial revenue from doing business in this Judicial District; Defendants' restaurant and night club that is the subject of this litigation is located in this Judicial District; Defendants' services that are the subject of this litigation are and have been rendered in this Judicial District; and the claims alleged in this action arose in this Judicial District.

## **PARTIES**

16.     Plaintiff sbe Licensing, LLC is a limited liability company duly organized and existing pursuant to the laws of the State of Delaware with a principal place of business located at 3900 Paradise Rd., Suite 260, Las Vegas, Nevada 89169.

17.     Upon information and belief, defendant HCKUSA, Inc. d/b/a Hyde & Vyne is a corporation duly organized and existing pursuant to the laws of the State of California with a principal place of business located at 1144 East Champlain Drive, Suite 108, Fresno, California 93720.

**Pryor Cashman LLP**
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 556-9608
Facsimile: (310) 556-9670

18.     Upon information and belief, defendant Lewis Everk is an individual with an address at 1144 East Champlain Drive, Suite 108, Fresno, California 93720.  Upon information and belief, Lewis Everk is the registrant of <hydeandvyne.com>.

19.     Upon information and belief, that at all times herein mentioned, HCKUSA, Inc. d/b/a Hyde & Vyne, Lewis Everk, and Does 1 through 10, inclusive, and each of them, were the agents, joint venturers, partners, representatives, or employees of each other and, in doing (or failing to do) the things alleged herein, were acting within the course, purpose, and scope of their agency, joint venture, partnership, representation, or employment.  The acts, omissions, and conduct alleged herein of each such Defendant were known to, authorized, and ratified by each such other Defendant.  It is further alleged, in the alternative, that some or each of the Defendants acted at times independently of all other Defendants to cause damage and injury to Plaintiff.

20.     Plaintiff is presently unaware of the true names and capacities of the defendants sued herein as Does 1 through 10, inclusive, and therefore sues each of those defendants by fictitious names.  Plaintiff will seek leave to amend this Complaint to allege the true name and capacity of each Doe defendant when ascertained.  For convenience, all references herein to "Defendants" shall be deemed to include all fictitiously named defendants, and each of them, unless otherwise specifically alleged.  Upon information and belief, Plaintiff alleges that each Doe defendant is, in some manner, legally responsible for the acts alleged in this Complaint and has proximately

**Pryor Cashman LLP**
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 556-9608
Facsimile: (310) 556-9670

caused harm and injury to Plaintiff.  Upon information and belief, defendants Does 1-10 have an address at 1144 East Champlain Drive, Suite 108, Fresno, California 93720.

21.    All references herein to "Defendants" shall be deemed to include all Defendants, and each of them, unless otherwise specifically alleged.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A.    Plaintiff and Its Famous HYDE® Trademark

22.    Plaintiff is a renowned operator of premier hotels, restaurants, and nightclubs.  Plaintiff owns and operates, among other well-known properties, the world-famous HYDE nightclubs and restaurants in Hollywood, South Beach, Hallandale Beach, at the Staples Center in Los Angeles, at the American Airlines Arena in Miami, at T-Mobile Arena in Las Vegas, and at the Bellagio Hotel and Casino in Las Vegas.

23.    As a result of the enormous time, effort and resources devoted to promoting its HYDE brands, sbe has built substantial and valuable goodwill symbolized by its HYDE names and marks, which are now among its most valuable assets.

24.    In addition to the strong, nationwide common law rights Plaintiff has developed in the HYDE mark through its continuous use of that mark since 2006, Plaintiff owns several federal trademark registrations for HYDE-formative marks including U.S. Reg. No. 4,304,156 for the HYDE mark for use in connection with Class 41 night clubs and Class 43 restaurant and bar services, and U.S. Reg. No. 4,896,506 for the HYDE mark for use in connection with Class 43 bar services, cocktail lounge services, and restaurant services.  Plaintiff's registrations are for the HYDE mark in

7

**Pryor Cashman LLP**
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 556-9608
Facsimile: (310) 556-9670

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

standard character form, which provides Plaintiff with the liberty to display its house mark in any style or font.

25.     Plaintiff also owns a federal trademark registration for the HYDE Vine Design Mark, Reg. No. 3,245,583, which displays the letter "H" composed entirely of interconnected vines that is presented atop the distinctive HYDE mark, as depicted below:



(the "HYDE Vine Design Mark")

True and correct copies of Plaintiff's registration certificates for U.S. Reg. Nos. 4,304,156; 4,896,506; and 3,245,583 are attached hereto as Exhibit A.

26.     Plaintiff has also obtained registrations from the United States Patent & Trademark Office for the marks HYDE BEACH, HYDE LOUNGE, and HYDE RESORT & RESIDENCES, each for use in connection with nightclubs, restaurant and bar services, and real estate development services (U.S. Reg. Nos. 3,413,084; 4,299,423; 4,801,258; and 4,801,259).  Plaintiff also owns allowed federal applications for the marks HYDE RESORT & RESIDENCES, HYDE HOTEL & RESIDENCES, HYDE HOTELS, and HYDE RESORTS for use in connection with, *inter alia*, hotel services, hotel management, and real estate management services (U.S. Application Serial Nos. 86/062,658, 86/062,662, 86/062,872 and 86/062,875).  All of Plaintiff's

HYDE-formative marks shall hereinafter collectively be referred to as the "HYDE Marks."

27.    Over the course of the past two decades, the HYDE Marks have become famous and serve to identify Plaintiff as the sole source of high quality restaurant and night club services rendered under the HYDE Marks.

28.    Plaintiff has achieved a prominent position in the restaurant and night club industry, attributable to its successful HYDE restaurants and night clubs and the high quality of and significant demand for services under the HYDE Marks.  The strength of the HYDE brand is reflected in the exponential sales growth of Plaintiff's HYDE venues.

29.    The goodwill associated with the HYDE Marks is an unquantifiable commercial asset.  By virtue of the wide renown acquired by the HYDE Marks, combined with the extensive sales at Plaintiff's HYDE venues and marketing of services under the HYDE Marks, the HYDE Marks have acquired secondary meaning in the mind of the purchasing public and have become famous.

30.    Plaintiff operates three properties at the iconic Los Angeles intersection of Hollywood and Vine Street, namely, The Redbury boutique hotel, and the restaurants Cleo and The Library, which are all located at 1717 Vine Street.  Plaintiff is closely associated with the "vine" term.

Pryor Cashman LLP
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 556-9608
Facsimile: (310) 556-9670

9

**B.     Defendants' Infringing Actions**

31.     Upon information and belief, Defendants are the owners and operators of the HYDE & VYNE restaurant and night club located at 1144 East Champlain Drive, Suite 108, Fresno, California 93720.

32.     Upon information and belief, Defendants opened the HYDE & VYNE restaurant and night club in September 2016.

33.     Upon information and belief, Defendants promote the HYDE & VYNE restaurant and night club through their website located at <hydeandvyne.com>.

34.     Upon information and belief, Defendants own and/or operate the domain <hydeandvyne.com>.

35.     Upon information and belief, Defendants own or operate social media accounts under the HYDE & VYNE mark, including, but not limited to, the Facebook page located at <facebook.com/hydeandvyne>, the Twitter account located at <twitter.com/hydeandvyne>, and the Instagram account located at <instagram.com/hydeandvyne>.  Upon information and belief, Defendants also own or operate a YouTube channel under the HYDE & VYNE mark located at <youtube.com/channel/UCv8A6e3nR9YAvv3AUMGlvfg>.

36.     Upon information and belief, Defendant HCKUSA, Inc. applied to register the HYDE & VYNE mark, U.S. Serial No. 87/374,411, for use in connection with Class 43 "restaurant and bar services."  The application identifies an alleged date of first use

Pryor Cashman LLP
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 556-9608
Facsimile: (310) 556-9670

**Pryor Cashman LLP**
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 556-9608
Facsimile: (310) 556-9670

in commerce of September 25, 2016.  Defendant HCKUSA, Inc. filed the application for the HYDE & VYNE mark on March 16, 2017.

37.    Defendants' HYDE & VYNE restaurant and night club is located in California, which is where Plaintiff owns and operates some of its HYDE restaurants and night clubs.

38.    Plaintiff has never authorized Defendants to market or off render services in connection with the HYDE & VYNE mark.

39.    Defendants display the HYDE & VYNE mark in a stylization that is similar to a stylization in which Plaintiff has used its federally registered HYDE mark.

40.    Plaintiff's HYDE Vine Design Mark creates the same commercial impression as Defendants' mark, namely, VINES & HYDE.

41.    Plaintiff and Defendants use the marks in connection with high-end restaurant and night club services.

42.    Plaintiff and Defendants market and render services to the same or similar consumers at similar retail price points.

43.    Upon information and belief, Defendants are aware of Plaintiff's HYDE mark and were aware of it before they engaged in the widespread use of the HYDE & VYNE mark mark in connection with identical restaurant and night club services.

**Pryor Cashman LLP**
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 556-9608
Facsimile: (310) 556-9670

C.     **Plaintiff Is Suffering Irreparable Harm**

44.     Defendants have undertaken activities in connection with the promotion and rendering of services that are likely to cause consumer confusion as to the source or origin of their services.

45.     Defendants' use of the HYDE & VYNE mark in connection with restaurant and night club services is likely to mislead consumers by giving the false impression that Plaintiff is associated with Defendants and their services, when in fact it is not.  Defendants' use of the HYDE & VYNE mark will likely cause consumers to mistakenly believe that Defendants' HYDE & VYNE restaurant and night club is sponsored by, affiliated with, and/or authorized by Plaintiff.

46.     The likelihood of confusion, mistake, and deception created by Defendants' rendering of services in connection with the HYDE & VYNE mark, as well as the dilution of Plaintiff's HYDE mark by such services, are causing irreparable harm to Plaintiff and the goodwill associated with Plaintiff's HYDE brand name.

47.     Upon information and belief, Defendants know, and at all relevant times should have known, that consumers were likely to believe that Defendants' services rendered in connection with the HYDE & VYNE mark were authorized, sanctioned or licensed by Plaintiff, even though they were not.

48.     Upon information and belief, Defendants undertook the actions described herein with the deliberate intent to create confusion as to the source, sponsorship and

quality of Defendants' services and to dilute the distinctiveness of Plaintiff's HYDE marks.

49.     Upon information and belief, Defendants undertook the actions described herein to mislead consumers into believing that Plaintiff has endorsed, sponsored or is somehow associated with Defendants' unauthorized services.

50.     Upon information and belief, Defendants adopted the HYDE & VYNE mark to, at a minimum, call to mind Plaintiff.

51.     Defendants' conduct described herein is intentional, willful and wanton.

52.     Defendants' conduct has injured Plaintiff, and if not enjoined, will continue to injure Plaintiff.

53.     Defendants' unlawful actions described herein commenced many years after Plaintiff began using the HYDE Marks in connection with services, many years after the HYDE Marks achieved worldwide fame, and many years after Plaintiff registered its HYDE Marks in the United States.

54.     Plaintiff will suffer irreparable harm to its business reputation and the goodwill associated with the HYDE mark and brand because it has no control over Defendants' services.

55.     Plaintiff will also suffer irreparable harm because Defendants' use of the HYDE & VYNE mark dilutes the distinctiveness of Plaintiff's famous HYDE mark.

56.     Defendants' deceptive conduct is harming the public in addition to harming Plaintiff and the HYDE brand.

Pryor Cashman LLP
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 556-9608
Facsimile: (310) 556-9670

**FIRST CAUSE OF ACTION**
**FEDERAL TRADEMARK INFRINGEMENT**
**15 U.S.C. § 1114**

57.    Plaintiff hereby repeats and realleges the foregoing Paragraphs of the Complaint as if fully set forth herein.

58.    Plaintiff owns right, title and interest in and to the HYDE Marks and is the owner of U.S. registrations for the HYDE mark and HYDE Vine Design Mark, U.S. Reg. Nos. 4,304,156; 4,896,506; and 3,245,583.

59.    Plaintiff enjoys strong common law rights in the HYDE Marks by virtue of its long and continuous use of the marks in U.S. commerce.

60.    Plaintiff has expended substantial time, resources and effort to develop and obtain a strong reputation in the marketplace and enormous goodwill in the HYDE Marks.

61.    Defendants have used in commerce, without Plaintiff's permission, the HYDE & VYNE mark in a manner that is likely to cause either or both of the following: (i) confusion among consumers as to the source of Defendants' services or (ii) a mistaken belief among consumers to the effect that there is an affiliation, connection, approval, sponsorship, or association of Plaintiff or Plaintiff's services and commercial activities, on the one hand, with Defendants or Defendants' respective services, or commercial activities, on the other hand.

62.    Defendants' acts constitute infringement of the registered HYDE Marks under 15 U.S.C. § 1114.

Pryor Cashman LLP
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 556-9608
Facsimile: (310) 556-9670

Pryor Cashman LLP
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 556-9608
Facsimile: (310) 556-9670

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

63.   As a direct and proximate result of Defendants' wrongful acts, Plaintiff has and will suffer irreparable damage to its trademarks, business reputation, and goodwill. Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendants, their respective officers, agents, and employees, and all persons acting in concert with Defendants, from engaging in further acts of infringement.

## SECOND CAUSE OF ACTION
## FEDERAL UNFAIR COMPETITION AND
## FALSE DESIGNATION OF ORIGIN
## 15 U.S.C. § 1125(a)

64.   Plaintiff hereby repeats and realleges the foregoing Paragraphs of the Complaint as if fully set forth herein.

65.   Plaintiff owns right, title and interest in and to the HYDE Marks and is the owner of U.S. registrations for the HYDE mark and HYDE Vine Design Mark, U.S. Reg. Nos. 4,304,156; 4,896,506; and 3,245,583.

66.   Plaintiff enjoys strong common law rights in the HYDE Marks by virtue of its long and continuous use of the marks in U.S. commerce.

67.   Plaintiff has expended substantial time, resources and effort to develop and obtain a strong reputation in the marketplace and enormous goodwill in the HYDE Marks.

68.   Defendants have used in commerce a mark that is identical or substantially similar to Plaintiff's HYDE Marks in connection with restaurant and night club services that are identical to Plaintiff's services.

Pryor Cashman LLP
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 556-9608
Facsimile: (310) 556-9670

69.   Defendants' unlawful acts in appropriating rights in the HYDE Marks are and were intended to capitalize on Plaintiff's goodwill for Defendants' own pecuniary gain.

70.   Defendants' unauthorized use of the HYDE & VYNE mark has caused or is likely to cause confusion as to the source of Defendants' services, all to the detriment of Plaintiff.

71.   Defendants' conduct as alleged herein, including their unauthorized use of the HYDE & VYNE mark in connection with restaurant and night club services, constitutes a false designation of origin as such conduct is likely to cause confusion or to deceive users and consumers as to the origin, sponsorship, affiliation, connection or association of Plaintiff with Defendants' services.

72.   Defendants' services offered under the HYDE & VYNE mark are calculated and intended to deceive and are likely to deceive consumers into believing that they are Plaintiff's services or that Plaintiff is associated with the services.

73.   Defendants have chosen to present the HYDE & VYNE mark in the similar font and stylization that Plaintiff has depicted the HYDE Marks.

74.   Upon information and belief, Defendants are capitalizing on and profiting from the likely consumer confusion between their infringing services rendered in connection with the HYDE & VYNE mark, on the one hand, and Plaintiff's services offered in connection with the HYDE Marks, on the other hand.

Pryor Cashman LLP
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 556-9608
Facsimile: (310) 556-9670

75.     Plaintiff does not now and has never sponsored or approved or authorized Defendants' use of the HYDE & VYNE mark or other intellectual property.

76.     Upon information and belief, Defendants' conduct is willful, deliberate, and done with the intent to unfairly commercially benefit from the goodwill associated with Plaintiff, Plaintiff's HYDE brand, and Plaintiff's trademarks.

77.     The foregoing acts of Defendants constitute unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

78.     Defendants' unfair competition has caused and is causing great and irreparable harm and damage to Plaintiff, and unless permanently restrained and enjoined by this Court, such irreparable harm will continue.

79.     As a direct and proximate result of Defendants' wrongful acts, Plaintiff has and will suffer irreparable damage to its trademarks, business reputation, and goodwill. Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendants, their respective officers, agents, and employees, and all persons acting in concert with Defendants, from engaging in further acts of infringement and unfair competition.

**THIRD CAUSE OF ACTION**
**FEDERAL TRADEMARK DILUTION**
**15 U.S.C. § 1125**

80.     Plaintiff hereby repeats and realleges the foregoing Paragraphs of the Complaint as if fully set forth herein.

Pryor Cashman LLP
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 556-9608
Facsimile: (310) 556-9670

81.     Plaintiff owns right, title and interest in and to the HYDE Marks and is the owner of U.S. registrations for the HYDE mark and HYDE Vine Design Mark, U.S. Reg. Nos. 4,304,156; 4,896,506; and 3,245,583.

82.     Plaintiff's HYDE mark is famous and a distinctive mark entitled to protection under 15 U.S.C. § 1125.

83.     Plaintiff began using the HYDE mark to identify its services at least as early as 2006, which is long before Defendants began promoting and rendering services under the HYDE & VYNE mark.

84.     Plaintiff's HYDE mark became famous long before Defendants adopted the HYDE & VYNE mark.

85.     Defendants' use of the HYDE & VYNE mark is likely to dilute the distinctive quality of Plaintiff's famous HYDE mark in violation of 15 U.S.C. § 1125(c).

86.     Defendants' acts complained of herein are likely to irreparably damage Plaintiff.

87.     Plaintiff has no adequate remedy at law for such wrongs and injuries.

88.     Plaintiff is entitled to an injunction restraining Defendants, their respective officers, agents, and employees, and all persons acting in concert with Defendants, from promoting and rendering services under the HYDE & VYNE mark.

Pryor Cashman LLP
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 556-9608
Facsimile: (310) 556-9670

# FOURTH CAUSE OF ACTION
## CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT

89.     Plaintiff hereby repeats and realleges the foregoing Paragraphs of the Complaint as if fully set forth herein.

90.     This is a claim for California common law trademark infringement.

91.     Plaintiff owns right, title and interest in and to the HYDE Marks and is the owner of U.S. registrations for the HYDE mark and HYDE Vine Design Mark, U.S. Reg. Nos. 4,304,156; 4,896,506; and 3,245,583.

92.     Plaintiff enjoys strong common law rights in the HYDE Marks by virtue of its long and continuous use of the marks in U.S. commerce.

93.     Plaintiff has expended substantial time, resources and effort to develop and obtain a strong reputation in the marketplace and enormous goodwill in the HYDE Marks.

94.     Plaintiff's use of the HYDE Marks constitutes common law trademark, which are owned by Plaintiff, and have been extensively advertised and promoted.  Plaintiff's common law trademarks are recognized throughout worldwide trading areas and channels of trade as distinctive and are identified by the purchasing public with Plaintiff.

95.     By virtue of the acts complained of herein, Defendants have willfully and intentionally caused a likelihood of confusion among the purchasing public in this

Pryor Cashman LLP
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 556-9608
Facsimile: (310) 556-9670

Judicial District and elsewhere, thereby unfairly competing with Plaintiff in violation of the common law of the State of California.

96.     Defendants have irreparably injured Plaintiff.  Such irreparable injury, for which Plaintiff has no adequate remedy at law, will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights.

## FIFTH CAUSE OF ACTION
## CALIFORNIA COMMON LAW UNFAIR COMPETITION

97.     Plaintiff hereby repeats and realleges the foregoing Paragraphs of the Complaint as if fully set forth herein.

98.     This is a claim for unfair competition arising under California common law.

99.     Plaintiff owns right, title and interest in and to the HYDE Marks and is the owner of U.S. registrations for the HYDE mark and HYDE Vine Design Mark, U.S. Reg. Nos. 4,304,156; 4,896,506; and 3,245,583.

100.    Plaintiff enjoys strong common law rights in the HYDE Marks by virtue of its long and continuous use of the marks in U.S. commerce.

101.    Plaintiff has expended substantial time, resources and effort to develop and obtain a strong reputation in the marketplace and enormous goodwill in the HYDE Marks.

**Pryor Cashman LLP**
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 556-9608
Facsimile: (310) 556-9670

102.   Defendants' acts complained of herein constitute unfair competition under California common law.

103.   By virtue of the acts complained of herein, Defendants have willfully and intentionally caused a likelihood of confusion among the purchasing public in this Judicial District and elsewhere, thereby unfairly competing with Plaintiff in violation of the common law of the State of California.

104.   Defendants have irreparably injured Plaintiff.  Such irreparable injury, for which Plaintiff has no adequate remedy at law, will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights.

**SIXTH CAUSE OF ACTION**
**CALIFORNIA STATUTORY UNFAIR COMPETITION**
**California Business and Professions Code § 17200, *et seq*.**

105.   Plaintiff hereby repeats and realleges the foregoing Paragraphs of the Complaint as if fully set forth herein.

106.   This is a claim for unfair competition, arising under California Business and Professions Code § 17200, *et seq*. and California common law.

107.   Upon information and belief, Defendants are in direct competition with Plaintiff.

108.   Defendants' acts complained of herein, constitute unfair competition with Plaintiff under California Business and Professions Code § 17200, *et seq*. Defendants' acts constitute unlawful, unfair, malicious, or fraudulent business practices.

109.   Plaintiff has suffered injury in fact as a result of Defendants' actions in the form of diverted sales and/or injury to its business, reputation, and goodwill.

110.   Due to the conduct of the Defendants, Plaintiff has suffered and will continue to suffer irreparable harm. It would be difficult to ascertain the amount of money damages that would afford Plaintiff adequate relief at law for Defendants' acts and continuing acts.  Plaintiff's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Defendants.  Accordingly, Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief pursuant to California Business and Professions Code § 17203.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A.     That each of Defendants and their parents, subsidiaries and affiliated companies, their respective officers, agents, directors, employees, shareholders and attorneys and those persons in active concert or participation with them who receive actual notice of the injunction by personal service or otherwise, be preliminarily and permanently restrained and enjoined from using, affixing, offering for sale, selling, advertising and promoting goods and rendering services in connection with the HYDE mark, or any trade name or mark confusingly similar to the HYDE mark, including, but not limited to, the HYDE & VYNE mark.

B.     That Defendants and their parents, subsidiaries and affiliated companies, their respective officers, agents, directors, employees, shareholders and attorneys and those persons in active concert or participation with them who receive actual notice of

Pryor Cashman LLP
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 556-9608
Facsimile: (310) 556-9670

the injunction by personal service or otherwise, be preliminarily and permanently restrained and enjoined from use of any false descriptions or representations or any false designations of origin or from otherwise committing any acts of unfair competition with respect to Plaintiff and the HYDE mark by using the HYDE mark an or any trade name or mark confusingly similar to the HYDE mark, including, but not limited to, the HYDE & VYNE mark, without the authorization of Plaintiff.

C.     That Defendants and their parents, subsidiaries and affiliated companies, their respective officers, agents, directors, employees, shareholders and attorneys, and those persons in active concert or participation with them who receive actual notice of the injunction by personal service or otherwise, be preliminary and permanently enjoined from diluting the distinctiveness and goodwill established by Plaintiff in the HYDE mark by using the HYDE mark or any other similar mark including, but not limited to, the HYDE & VYNE mark.

D.     That all goods, products, signs, bags, labels, brochures, advertising and promotional material bearing the HYDE mark, including, but not limited to, material bearing the HYDE & VYNE mark, in Defendants' possession or subject to Defendants' control or direction be delivered to Plaintiff's counsel for maintenance during the pendency of this action and for destruction upon entry of a Final Judgment.

E.     That Defendants be ordered to report to the Court, in writing under oath with a copy to Plaintiff's attorneys within 30 days of service of notice of any Orders issued hereunder, setting forth in detail the manner and form in which Defendants have

complied with any such Order.

F.    That the Court order that Defendant expressly abandon U.S. Application Serial No. 87/374,411 for the HYDE & VYNE mark and that Defendants be permanently restrained and enjoined from filing any applications for trademarks that are confusingly similar to or dilutive of Plaintiff's HYDE mark.

G.    That the Court order that Defendants transfer the domain name <hydeandvyne.com> to Plaintiff.

H.    That the Court award an accounting to Plaintiff for the gains and profits of Defendants.

I.    That the Court award Plaintiff such damages and exemplary damages as may be proved at trial.

J.    That Defendants be required to pay Plaintiff its costs in this action, including reasonable attorneys' fees.

K.    That Plaintiff be granted such other and further relief as the Court deems just and proper.

## **DEMAND FOR A JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury as to all claims in this litigation.

**Pryor Cashman LLP**
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 556-9608
Facsimile: (310) 556-9670

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Pryor Cashman LLP**
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 556-9608
Facsimile: (310) 556-9670

Dated: August 4, 2017          By:     */s/ Michael J. Niborski*

Michael J. Niborski (State Bar No. 192111)
Thomas H. Vidal (State Bar No. 204432)
Benjamin S. Akley (State Bar No. 278506)
**PRYOR CASHMAN LLP**
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 556-9608
Facsimile: (310) 556-9670
*tvidal@pryorcashman.com*
*bakley@pryorcashman.com*

Dyan Finguerra-DuCharme
Ryan S. Klarberg
**PRYOR CASHMAN LLP**
7 Times Square
New York, New York 10036
*dfinguerra-ducharme@pryorcashman.com*
*rklarberg@pryorcashman.com*

*Attorneys for Plaintiff*
sbe LICENSING, LLC